974 So.2d 822 (2008)
CHALMETTE RETAIL CENTER, L.L.C.
v.
LAFAYETTE INSURANCE COMPANY, United Fire Group, United Fire & Casualty, Emery and James, Ltd., Property Loss Consultants, LCC and Property Loss Consulting, Inc.
No. 2007-CA-1594.
Court of Appeal of Louisiana, Fourth Circuit.
January 16, 2008.
Rehearing Denied February 27, 2008.
James M. Williams, Brian J. Houghtaling, Stephen M. Huber, Gauthier, Houghtaling & Williams, L.L.P., Metairie, LA, for Plaintiff/Appellee.
Howard Kaplan, Stephen N. Elliott, Caroline D. Elliott, David M. McDonald, Bernard, Cassisa, Elliott & Davis, a PLC, Metairie, LA, for Lafayette Insurance Company.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge PATRICIA RIVET MURRAY, Judge JAMES F. McKAY III, Judge TERRI F. LOVE and Judge EDWIN A. LOMBARD).
JOAN BERNARD ARMSTRONG, Chief Judge.
The defendant-appellant, Lafayette Insurance Company ("Lafayette"), appeals a partial summary judgment in favor of the plaintiff-appellee holding that Lafayette is "not entitled to receive any offset/credit towards money owed for business interruption from income or rental proceeds received from FEMA."
The original judgment was rendered on October 4, 2007, but was amended on October 30, 2007, with a finding that there was no just reason for delay and a certification that the judgment was final and appealable.
*823 Plaintiff owns and operates the commercial rental real estate (a shopping center) located at 8400 West Judge Perez Drive in Chalmette, Louisiana. At the time of Hurricane Katrina, the plaintiff had Premises Commercial Uni-Saver Policy # 60329996 with Lafayette insuring the shopping center. Lafayette paid plaintiff $1,167,903.32[1] for structural damage caused by Katrina and $66,902.00 for loss of business income. On August 29, 2006, the plaintiff sued Lafayette along with several other insurance companies for Katrina damage to "a commercial building located at 8400 West Judge Perez Drive, Chalmette, Louisiana" along with a claim for business interruption insurance arising out of the same property because of storm related loss of rental income. The partial summary judgment was limited to the disposition of Lafayette's claim for credit against its business interruption coverage for rents the plaintiff received post-Katrina when plaintiff rented out the parking lot at 8400 West Judge Perez to FEMA. This lease did not go into effect until after Katrina.
Basically, Lafayette claims that the parking lot is part of the insured premises and that any rents derived from any part of the premises, including the parking lot, should be applied toward the business interruption/loss of rental income claim of the plaintiff. The plaintiff contends otherwise and the trial court agreed with the plaintiff. Although there may be other issues in the case, this is the only one involved in this appeal.
The plaintiff contends that the parking lot was not covered by the policythat its only insured business at the time of Katrina was the rental of indoor retail space to commercial tenants. Plaintiff points out that the amount of parking space remaining after having leased out a portion of the parking area to FEMA was still adequate to allow for the recovery work being done on the center as well for parking for the center.
No one disputes the fact that the policy controls. The normal issues related to policy disputes, ambiguity, strict construction, and the like, play no part in this appeal because the policy provisions that control are completely clear and completely lacking in any ambiguity in relation to the facts of this case. They are to be found in the policy in the form entitled:
PREMISES COMMERCIAL UNI-SAVER BUILDING AND PERSONAL PROPERTY COVERAGE FORM AND COMMERCIAL PROPERTY CONDITIONS
Paragraph "A 4 e" entitled "Business Income" describes the coverage for loss of income that is the subject of the dispute. However, that paragraph is preceded by and controlled by paragraph "A 2" entitled "Property Not Covered," which provides in pertinent part that:
Covered Property does not include:
* * * *
d. Bridges, roadways, walks, patios or other paved surfaces;
* * * *
h. Land (including land on which the property is located) . . .
[Emphasis added.]
If the parking lot in question is paved it is clearly excluded from coverage by paragraph "A 2 d" as quoted above. However, even if the parking lot is not paved, it is excluded by paragraph "A 2 h." As we find no endorsements or amendments to the *824 policy in the record that could arguably alter the foregoing exclusions, and Lafayette has cited none, we conclude that there is clearly and unambiguously no coverage for the parking lot. As Lafayette's claim for credit or an offset for the rental of the parking lot to FEMA is based entirely on its assertion that the parking lot is covered, Lafayette's position is without merit.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to Lafayette.
AFFIRMED.
NOTES
[1] In consequence of this payment, it appears that the plaintiff signed a release for all property damage and that the only dispute remaining between Lafayette and the plaintiff relates to plaintiff's business interruption claim.